# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | |
|---|---|
| KIM C. POWELL, ET AL. | PLAINTIFFS |
| v. | CAUSE NO. 1:18CV142-LG-RHW |
| JEFFREY MASEAR, ET AL. | DEFENDANTS |

## ORDER GRANTING MOTION TO REMAND

BEFORE THE COURT is the [10] Motion to Remand filed by the plaintiffs, Kim C. Powell and Arlene B. Knox. The Motion is unopposed. After due consideration, the Court finds that remand is appropriate because the amount in controversy requirement for diversity jurisdiction is not satisfied. The Motion will be granted and this case remanded to the state court.

### DISCUSSION

This case concerns a rear-end vehicle accident. (Compl. 2, ECF No. 1-3). The Complaint's citizenship allegations show that the parties are diverse, but there are no allegations indicating the amount in controversy. After Defendant LAT, Inc. removed the case from the Circuit Court of Harrison County, Mississippi on the basis of diversity jurisdiction, the plaintiffs moved for remand. The plaintiffs provided affidavits stipulating that neither of them seeks nor will accept more than $75,000 in damages in this lawsuit. (Mot. to Remand Ex. 1, 2, ECF Nos. 10-1, 10-2). The removing defendant agreed that the case should be remanded because diversity jurisdiction is lacking. (*See* Minute Entry June 19, 2018). The parties submitted a proposed agreed order of remand.

The basic rules for determining the amount in controversy are well established. In cases where an exact amount has been pled, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Garcia v. Koch Oil Co. of Tex.*, 351 F.3d 636, 638 (5th Cir. 2003) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). The plaintiffs did not plead any amounts in their Complaint, and so the Court looks to other evidence of the amount in controversy at the time of removal. The plaintiffs' post-removal affidavits may be considered for this purpose. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (citations omitted). Because both of the plaintiffs state that they do not seek and will not accept more than $75,000 in damages, the Court concludes that the amount in controversy requirement is not met. *See Walker v. Scales*, No. 1:13-CV-00227-SA-DAS, 2014 WL 670216, at *3 (N.D. Miss. Feb. 20, 2014) (citations omitted). Accordingly, the Court lacks subject-matter jurisdiction and this case must be remanded.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [10] Plaintiffs' Motion to Remand is **GRANTED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that a certified copy of this order of remand shall be immediately mailed by the Clerk of this Court to the clerk of the state court pursuant to 28 U.S.C. § 1447(c).

**SO ORDERED AND ADJUDGED** this the 27th day of June, 2018.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE